UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO.: 4:04-CR-35-SPM

ANTHONY DODDRICK JOHNSON,

   Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion for Re-Sentencing Instanter (doc. 32) and motion for modification of sentence (doc. 34) pursuant to the retroactive crack cocaine amendment (Amendment 750) and 18 U.S.C. § 3582(c) (doc. 34). The Government filed responses in opposition (docs. 33 and 35).

In the motion for re-sentencing, Defendant seems to be attacking the two felony drug offenses that led to his being sentenced as a career offender before this Court. However, it is unclear what specifically Defendant finds at fault about these prior convictions. He generally mentions the Fifth Amendment's Due Process Clause and cites to Begay and its progeny. The Begay line of cases contemplate whether an offense qualifies as a "violent felony" under 18 U.S.C. § 924(e)(1) or a "crime of violence" under U.S.S.G. § 4B1.2. However,

Defendant's qualifying prior convictions are both felony drug or controlled substance offenses, and therefore the cases Defendant cites are not applicable.

Moreover, Defendant's motion for re-sentencing is barred because it is untimely and procedurally defaulted. Under the procedural default rule, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting the claim in a § 2255 proceeding." McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011). Defendant did not object at sentencing to the prior convictions as the basis for his Career Offender designation, nor did he file an appeal. It is clear that Defendant procedurally defaulted his claim that he was erroneously sentenced as a career offender. His procedural default can be excused if one of the exceptions to the procedural default rule applies. The two exceptions are: (1) for cause and prejudice, or (2) for a miscarriage of justice, or actual innocence. Id. Defendant's motion does not set forth facts or arguments for either exception.

Additionally, the Court finds that Defendant is not entitled to a sentence reduction pursuant to Amendment 750 because application of the guideline amendment results in no change to his sentencing range. Defendant's sentence was not imposed pursuant to § 2D1.1 of the United States Sentencing Guidelines, which has been amended. Defendant's sentence was subject to § 4B1.1 because he was a career offender. Because Defendant's imprisonment

was guided by his Career Offender status as opposed to the Sentencing Guidelines, his sentence is not affected by the crack cocaine amendment.

Accordingly, it is ORDERED AND ADJUDGED:

1. The Motion for Re-Sentencing Instanter (doc. 32) is **denied**.

2. The motion for modification of sentence pursuant to Amendment 750 and 18 U.S.C. § 3582(c) (doc. 34) is **denied**.

DONE AND ORDERED this 13th day of February, 2012.

*S/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge